**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| BANK OF AMERICA, N.A., | |
| Plaintiff, | |
| v. | Action No. 08:10–CV–857—AW |
| JILL P. MITCHELL LIVING TRUST U/A DTD 06/07/1999, *et al.* | |
| Defendants. | |

## <u>MEMORANDUM OPINION</u>

Pending before the Court is Plaintiff Bank of America N.A.'s Motion to Dismiss Defendant Bryan Mitchell's Counterclaims. (Doc. No. 15). The Court has reviewed the pleadings on the instant motion, and deems that no hearing is necessary. For the reasons stated herein, the Court **GRANTS** Plaintiff's Motion to Dismiss Defendant Bryan Mitchell's Counterclaims.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Bank of America, N.A. filed the instant Complaint against Defendants Jill P. Mitchell Living Trust U/A DTD 06/07/1999 ("the Trust"), Bryan J. Mitchell ("Bryan Mitchell"), and Jill P. Mitchell ("Jill Mitchell"). Defendant Trust is a grantor revocable inter vivos trust, which was created on June 7, 1999, via a Trust Agreement. Defendants Bryan Mitchell and Jill Mitchell are the Trustees of the Trust, according to Plaintiff.

The Defendant Trust and Merrill Lynch Bank USA ("Merrill Lynch") (predecessor to Bank of America, N.A.) entered into a Merrill Lynch Loan Management Account Agreement ("LMA Agreement") on June 13, 2006. The terms of the LMA Agreement allowed Merrill Lynch to make discretionary advances to the Trust, up to the Maximum Amount available under

the LMA Agreement.    The LMA Agreement stated that the "Maximum Amount" was $3,000,000.00.   This amount was increased to $6,000,000.00 in accordance with a March 24, 2008 agreement.

Plaintiffs aver that pursuant to Paragraph 6 of the LMA Agreement, Defendant Trust, as Pledgor, assigned to Merrill Lynch Bank a continuing first priority lien and security interest in one or more securities accounts established at Merrill Lynch, Pierce, Fenner, and Smith Incorporated ("MLPFS") as security for the performance of the Defendant Trust's obligations under the LMA Agreement.   As collateral for advances made under the LMA Agreement, MLPFS Securities Account 86Q-22423 was initially assigned to Merrill Lynch.  Plaintiff avers that two additional MLPFS accounts were also assigned as collateral.

Pursuant to the LMA Agreement, Merrill Lynch offered three types of advances— Variable Rate Advances, Fixed Rate Advances, and Term Advances.  According to Plaintiff, Defendant Trust, under the direction of Defendant Bryan Mitchell (as trustee), "took certain advances as a ten year Fixed Rate Advance." (Doc. No. 1).

On June 13, 2006, the Defendants Bryan and Jill Mitchell executed the LMA Agreement on behalf of the Defendant Trust.   They also allegedly executed the LMA Agreement in their personal capacity as guarantors of the obligations of the Trust.   Plaintiff avers that on June 27, 2006, the Trust received a single Fixed Rate Advance in the amount of $1,864,335.25 for a period of ten years at an interest rate of 5.86 plus a 1.5 percent spread.  Plaintiff avers that pursuant to the LMA Agreement, Defendants Bryan and Jill Mitchell " 'irrevocably and unconditionally guarantee(d) to the Bank the full and punctual payment of the LMA balance and performance of all of the Borrower's other obligations' under the LMA agreement." *Id.* at 5. Plaintiff alleges that beginning in 2009, "the value of the collateral in the pledged Securities

Accounts was less than the principal amount due on the loan and accruing monthly interest." *Id.*
at 6.    Plaintiff avers that the Defendant Trust made no interest payments on the accounts after
July 2009 and failed to increase the assets in the Securities Accounts.

On January 11, 2010, the Plaintiff terminated the LMA Agreement and allegedly
demanded payment of $2,225,222.95, which was the total amount due under the agreement.
Plaintiff avers that on January 20, 2010, "Plaintiff applied the proceeds of Security Accounts
86Q-22423 and 86Q-22909 against those amounts due from the Defendant Trust under the LMA
Agreement.    At that time, the following amounts were due and payable pursuant to the terms of
the LMA Agreement:

a.  $864,335.25—Fixed Contract Principal

b.  $7,074.20—Fixed Contract Accrued Interest

c.  $295,520.93—Breakage Fee for Prepayment

d.  $100.00—Administrative Fee for Prepayment

e.  $78,307.15—Variable Principal

f.  $9.59—Accrued Variable Interest

According to Plaintiff, after the funds in the securities account were applied pursuant to
the terms of the LMA agreement, Defendants still owed Plaintiff $350,222.48.  Defendants have
not paid this amount to Plaintiff, giving rise to the suit at bar.

Plaintiff has alleged two counts against the Defendants in this matter.    In Count I,
Plaintiff alleges breach of the LMA Agreement against the Trust.  In Count II, Plaintiff alleges
Breach of Guarantee against Defendants Jill Mitchell and Bryan Mitchell.

Defendant Bryan Mitchell has filed three counterclaims in this matter alleging the
following: 1) Plaintiff has failed to comply with the disclosure requirements as a consumer

lender as specified in 15 U.S.C. §1601, *et seq.*; 2) Plaintiff has failed to comply with federal regulatory requirements as a consumer lender as specified in 12 C.F.R. §226, *et seq.*; and 3) Plaintiff has failed to comply with the Annotated Maryland Code requirements as a consumer lender as specified in Title 12 Credit Regulations §100, *et seq.*, Title 12 §300, *et seq.* and Title 12 §1000, *et seq.* The Plaintiff has moved to dismiss these counterclaims, and Defendant Bryan Mitchell has filed no opposition to Plaintiff's Motion.

## II.    STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Generally, a complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, the Supreme Court has directed courts that "Rule 8 still requires a 'showing,'" of "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In sum, "factual allegations must be enough to raise a right to relief above the speculative level, on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

## III.    ANALYSIS

Defendant Bryan Mitchell alleges three counterclaims against Plaintiffs. (Doc. No. 13). Defendant Bryan Mitchell makes the following assertions: "Bank of America claims are invalid for failure to comply with the requirements of Federal disclosure requirements as a consumer lender as specified in 15 U.S.C. §1601, *et seq*. . . . Bank of America claims are invalid for failure to comply with the requirements of Federal Regulatory requirements as a consumer lender as specified in 12 C.F.R. §226, *et seq*. . . . Bank of America claims are invalid for failure to comply with the requirements of the Annotated Maryland Code requirements as a consumer lender . . . ." Defendant Bryan Mitchell offers no factual support for any of his allegations, offering mere legal conclusions regarding the Plaintiff's purportedly illegal conduct. As Defendant Bryan Mitchell's counterclaims consist of factually unsupported conclusions, the Court finds that Defendant Bryan Mitchell has failed to allege any cognizable counterclaims. Therefore, the Court will **GRANT** Plaintiff's Motion to Dismiss Defendant's counterclaims.


Date:   <u>March 14, 2011</u>                                  <u>            /s/            </u>
                                                                                Alexander Williams, Jr.
                                                                                United States District Judge